**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

**DERRICK EUGENE ROLAND,**

**Plaintiff,**

**v.** **Case No. 24-CV-282-RAW-GLJ**

**MICHAEL ROBBINS, et al.,**

**Defendants.**

**OPINION AND ORDER**

This civil rights action, brought pursuant to 42 U.S.C. § 1983, is before the court on Defendants' Robbins and Grazanita's (collectively, "Defendants") Motion to Dismiss or, in the alternative, Motion for Summary Judgment ("Motion"). Dkt. 26. Plaintiff Derrick Eugene Roland ("Roland") alleges the Defendants utilized excessive force upon him while he was incarcerated a Jess Dunn Correctional Center ("JDCC") in Taft, Oklahoma. Dkt. 1. Defendants now move for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, summary judgment pursuant to Federal Rule of Civil Procedure 56 on Roland's claim. *See* Dkt. 26. Beyond arguing Roland fails to state a claim upon which relief may be granted, Defendants contend summary judgment is proper because Roland failed to properly exhaust his administrative remedies. *See id.* Roland did not respond to Defendants' Motion. For the reasons discussed below, the court construes the Motion as a motion for summary judgment and grants the Motion.

**I. Treatment of Pending Motion**

Throughout the Motion, Defendants rely on the exhibits attached to their Motion to support their arguments. *See, e.g.,* Dkt. 26-1 through Dkt. 26-6. "Generally, the sufficiency of a complaint must rest on its contents alone." *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010). Therefore, the court will accept Defendants' invitation to construe the Motion as a motion for summary

judgment.

## II. Summary Judgment Standard

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that "might affect the outcome of the suit under the governing law," and a dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A court must "'view the evidence and the reasonable inferences to be drawn from the evidence in the light most favorable to the nonmoving party.'" *Cronick v. Pryor*, 99 F.4th 1262, 1267 (10th Cir. 2024) (quoting *Simpson v. Little*, 16 F.4th 1353, 1360 (10th Cir. 2021)).

When a defendant asserts an affirmative defense in a motion for summary judgment, the defendant "'must demonstrate that no disputed material fact exists regarding the affirmative defense asserted' when the evidence is viewed in the light most favorable to the plaintiff." *Kramer v. Wasatch Cnty. Sheriff's Off.*, 743 F.3d 726, 746 (10th Cir. 2014) (quoting *Helm v. Kansas*, 656 F.3d 1277, 1284 (10th Cir. 2011)). "If the defendant meets this initial burden, the plaintiff must then demonstrate with specificity the existence of a disputed material fact." *Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997). If the plaintiff fails to make this showing, "the affirmative defense bars his claim, and the defendant is then entitled to summary judgment as a matter of law." *Id.*

Even when a dispositive motion is unopposed, the court remains obligated to determine if the summary judgment motion is properly "supported" pursuant to Federal Rule of Civil Procedure 56(c). *Reed v. Bennett*, 312 F.3d 1190, 1194-95 (10th Cir. 2002) ("[A] party's failure to file a response to a motion for summary judgment is not, by itself, a sufficient basis on which to enter

judgment against the party."). Even when a party has failed to respond, the district court must make the "additional determination that judgment for the moving party is 'appropriate' under Rule 56." *Id*. at 1195. "Summary judgment is appropriate only if the moving party demonstrates that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law." *Id*. In analyzing whether a material issue of fact exists, it must be remembered that, by failing to file a timely response, a plaintiff "waives the right to respond or controvert the facts asserted in the summary judgment motion," and the "court should accept as true all material facts asserted and properly supported in the summary judgment motion." *Id.*

## III. Undisputed Facts

The following facts are supported by the evidence in the record and are construed in the light most favorable to Roland:

At the time of the actions which form the basis of Roland's suit, November 17, 2023, Roland was incarcerated a JDCC. Dkt. 26-1 at 1.[1] On November 17, 2023, Roland received four disciplinary citations for: i) being under the influence of drugs (Dkt. 26-1); ii) refusing to submit to restraints (Dkt. 26-2); iii) failing to obey orders (Dkt. 26-3); and iv) assault on staff (Dkt. 26-4). During the November 17, 2023 incident, Roland "took off running into dorm 1 where he fell over bunk 2 and struck his head on the frame." Dkt. 26-2 at 5-6. Without providing details, Roland alleges he was "struck and attacked," the officers "used excessive force" and Roland sustained injuries resulting in hospitalization. Dkt. 1 at 2-3.

The Oklahoma Department of Corrections ("ODOC") has promulgated an administrative remedies grievance policy and process for use by inmates like Roland, OP-090124. Dkt. 26-6. OP-090124 outlines the process for submission and review of offender grievances. *Id.* at 10-18.

[1] The court's citations refer to the CM/ECF header pagination.

First, an inmate must engage in informal resolution and must submit a Request to Staff within seven days of the incident. *Id.* at 7-8. If the matter is not resolved informally, the inmate must submit a formal grievance to the appropriate facility/ unit head within fifteen days of receipt of the response to his Request to Staff. *Id.* at 10-12. The reviewing authority is tasked with answering "properly submitted grievances" within twenty (20) days of receipt. *Id.* at 12-13. If a grievance is not properly submitted, the inmate is afforded ten (10) days to correct any errors and properly resubmit the grievance. *Id.* at 13. If the inmate fails to correct the errors or properly resubmit, "the grievance will not be answered and the inmate/offender will have waived/forfeited the opportunity to proceed in the grievance process." *Id.*

The inmate/offender may appeal the facility-level reviewing authority's response to a submitted grievance to the Administrative Review Authority ("ARA"), Personal Identity ARA, or Medical ARA, whichever is appropriate. Dkt. 26-6 at 14-15. OP-090124 instructs that if a grievance appeal is submitted improperly, "[t]he inmate/offender will be given one opportunity to correct any errors, which must be received by the ARA within 10 days of the time the inmate/offender is notified of improper submission." *Id.* at 15. "If the inmate/offender fails to correct the errors or properly resubmit, the grievance or grievance appeal will not be answered and the inmate/offender will have waived/forfeited the opportunity to proceed in the grievance process." *Id.* If an inmate properly submits his appeal to the ARA, the ARA can return the grievance to the reviewing authority for further investigation and an amended response. *Id.* at 16-17. The reviewing authority will then provide an amended response which the inmate may appeal to the ARA. *Id.* The ARA will then issue a final ruling which "will conclude the internal administrative process available." *Id.* at 17. Upon receipt of a final ruling from the ARA, "[t]he inmate/offender will have satisfied the exhaustion of internal administrative remedies[.]" *Id.*

Roland alleges he "filed grievance without any resp[onse]" concerning the alleged "attack" and "injuries[.]" Dkt. 1 at 3. Documents provided by Roland reveal on December 18, 2023, he submitted a "Offender Misconduct Appeal Form for Class X Misconducts" and a "Offender Misconduct Appeal Review Form for Class A & B Misconducts[.]" Dkt. 1 at 11-12.[2] Roland also provided a form from the ARA dated June 19, 2024, that states his appeal was improperly filed because: i) it was not signed and/or dated; ii) he cannot appeal a non-response from the reviewing authority; and iii) his appeal is out of time. Dkt. 1 at 10. Roland does not provide the appeal.

While Defendants do not provide any grievance or appeal documents, they do provide an affidavit from Stacey Sullivan, the Misconduct Review Specialist of the Administrative Review Authority, wherein she acknowledges Roland filed an appeal to the ARA on June 17, 2024, regarding misconduct citations he received at JDCC on November 17, 2023. Dkt. 26-5. Sullivan represents the appeal was returned "unanswered" for the reasons outlined above. *Id.*; *see also* Dkt. 1 at 10. Sullivan further states, "ARA has not received a grievance from inmate Roland regarding an assault on staff without injury on 11/17/2023 at Jess Dunn Correctional Facility." Dkt. 26-5. Sullivan states, "Roland has not exhausted his administrative remedies with ARA." *Id.*

## IV. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act ("PLRA") states in relevant part: "[n]o action shall be brought with respect to prison conditions under section 1983 ... by a prisoner ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA exhaustion requirement requires proper exhaustion," including "compliance with an agency's

---

[2] The court notes these are not the same form as the "Inmate/ Offender Grievance" form contemplated by OP-090124. *See* Dkt. 26-6 at 10; *see also* DOC 090124A, available at https://oklahoma.gov/content/dam/ok/en/doc/documents/policy/section-09/090124a.pdf. Rather, they are forms applicable to ODOC's Offender Disciplinary Procedures under OP-060125. *See* Dkt. 1 at 10-12.

deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90, 93 (2006). The inmate must use "all steps that the agency holds out, and [do] so *properly*." *Id.* at 90 (emphasis in original) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Under the PLRA, "[a]n inmate who begins the grievance process but does not complete it is barred from pursuing [his] § 1983 claim" in federal court. *Thomas v. Parker*, 609 F.3d 1114, 1118 (10th Cir. 2010) (quoting *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002)).

"Once a defendant proves that a plaintiff failed to exhaust [his administrative remedies], ... the onus falls on the plaintiff to show that remedies were unavailable to him." *Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011). "Administrative remedies are deemed unavailable if, among other things, 'prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'" *May v. Segovia*, 929 F.3d 1223, 1234 (10th Cir. 2019) (quoting *Ross v. Blake*, 578 U.S. 632, 644 (2016)); *see also Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010) (stating that "[w]here prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, they render that remedy 'unavailable' and a court will excuse the prisoner's failure to exhaust").

As outlined above, it does appear from Sullivan's affidavit and the documents provided by Roland that Roland attempted to engage in the review process for his disciplinary violations. *See* Dkt. 1 at 10-12; *see also* Dkt. 26-6. However, Plaintiff did not do so properly, and in any event, the documents are applicable to ODOC's disciplinary procedures, not its grievance process under OP-090124. *See* Dkt. 1 at 10 (referencing OP-060125, ODOC's Offender Disciplinary Procedures). Further, the evidence provided by Defendants, in the form of Sullivan's affidavit, establishes Roland did not properly complete all the steps required under the offender grievance process provided in OP-090124. *Woodford*, 548 U.S. at 90; *see also* Dkt. 26-6. Roland never

received a final ruling.[3] Dkt. 26-6. Accordingly, Roland must demonstrate with specificity the existence of a disputed fact or that administrative remedies were unavailable to him. *Hutchinson*, 105 F.3d at 564; *Tuckel*, 660 F.3d at 1254. By not responding, Roland failed to do either. Accordingly, Defendants' affirmative defense is established as a matter of law as to Roland's claim. *See Hines v. Sherron*, 372 F. App'x 853 (10th Cir. 2010)[4] (finding § 1983 appellant "failed to present evidence that raised a genuine issue of material fact regarding his exhaustion of administrative remedies" and affirming district court's decision to grant summary judgment and dismiss the complaint for failure to exhaust administrative remedies).

Because no reasonable juror could find in Roland's favor on the issue of PLRA exhaustion, the Court concludes that the Defendants are entitled to judgment as a matter of law on that issue. The Court therefore grants Defendants' Motion on the affirmative defense that 42 U.S.C. § 1997e(a)'s exhaustion requirement bars relief as to Roland's claim.

## V. Conclusion

**IT IS THEREFORE ORDERED** that Defendants Robbins and Grazanita's Motion for Summary Judgment (Dkt. 26) is **GRANTED** and Roland's claim is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust available administrative remedies.

**IT IS FURTHER ORDERED** that this is a final order terminating this action.

**IT IS FURTHER ORDERED** that a separate judgment shall be entered herewith.

---

[3] Additionally, Roland's own allegations reflect that he did not begin the grievance process within the time prescribed by OP-090124. Roland was required to submit a Request to Staff "within seven days of the incident," or by November 24, 2023. Dkt. 26-6 at 8. Roland alleges, however, that he first submitted a Request to Staff on December 8, 2023. Dkt. 1 at 8; *see Woodford*, 548 U.S. at 90 (explaining that "[p]roper exhaustion demands compliance with an agency's deadlines").

[4] The court cites all unpublished decisions herein as persuasive authority. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

**DATED** this 16th day of September, 2026.

Ronald A. White

HONORABLE RONALD A. WHITE
UNITED STATES SENIOR DISTRICT JUDGE